EDITH K. DRAKE, executrix, &c., et al., complainants-respondents,

*v.*

RAYMOND W. BYRAM et al., defendants-appellants.

[Submitted May 28th, 1926. Decided October 18th, 1926.]

The language of the devise *sub judice* in this case *held* to bring it within the established rule that where lands are devised in the first instance in language indeterminate as to the quantity of the estate, from which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction are added, the construction will be that an estate in fee is given.

On appeal from a decree advised by Vice-Chancellor Fielder, who filed the following conclusions:

"The bill filed by complainants is in the nature of a bill to quiet title. They claim that the lands described in the bill were devised in fee to Margaret F. Byram by the fifth clause of the will of Hannah Maria Pierson, admitted to probate by the surrogate of Morris county, July, 7th, 1913, which clause is as follows:

"'I give and bequeath to my niece, Margaret P. Byram, my dwelling house, property No. 54 and No. 56 Greenwood avenue, Madison, N. J., and at her death any unexpended portion of the same to my nephew, Raymond W. Byram.'

"Margaret P. Byram made no sale of the premises in question in her lifetime. She died November 8th, 1924, leaving a will admitted to probate by the surrogate of Morris county, November 19th, 1924, by which she devised all her real estate to complainants, who are in possession of the premises described in said clause of the will of Hannah Maria Pierson. No suit is pending to test the validity of their title.

"The defendant Raymond W. Byram is the nephew mentioned in the quoted clause of the will of Hannah Maria Pierson and the defendant Mary A. Byram is his wife. They contend that said clause devised a life estate to Margaret P. Byram, with remainder in fee to said Raymond W. Byram, and that upon the death of Margaret P. Byram he became entitled to possession of said premises.

"The rule to be applied in construing the will of Hannah Maria Pierson is that when lands are devised in the first instance in language indeterminate as to the quantity of the estate, from which an estate for life would result by implication and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given.

"The devise in question falls within the rule, if words adapted to an unlimited power of disposal to Margaret P. Byram are to be found in the terms of the devise.

"It is not the income from the real property which is given to her, but the property itself and it is 'the unexpended portion of the same' which is given to Raymond W. Byram, 'the same' meaning the real property. The 'unexpended portion' or what remains or is left over of the real property, being given to him, the testatrix must have intended that the power or right to 'expend' after the exercise of which something might remain or is left over, should be in Margaret B. Byram. She could not expend, dispose of or consume any part of the real estate without sale and without using the proceeds of sale for her own benefit in her lifetime, and therefore it must be that the testatrix intended to confer on her a full and unrestricted power of sale and disposal. This imports absolute ownership in Margaret P. Byram and, consequently, the gift over to Raymond W. Byram is void. *Annin* v. *Vandoren, 14 N. J. Eq. 135; Downey* v. *Borden, 36 N. J. Law 460; McClellan* v. *Larcher, 45 N. J. Eq. 17; Rodenfels* v. *Schumann, 45 N. J. Eq. 383; Dodson* v. *Sevars, 52 N. J. Eq. 611; Benz* v. *Fabian, 54 N. J. Eq. 615; Tuerk* v. *Schueler, 71 N. J. Law 331; McCloskey* v. *Thorpe, 74 N. J. Eq. 413; Huston* v.

*Boyd, 84 N. J. Eq. 107; Bunnel* v. *Beam, 86 N. J. Eq. 101; Henderson* v. *McGowan, 91 N. J. Eq. 359; Weaver* v. *Patterson, 92 N. J. Eq. 170; Brohn v. Berner, 95 N. J. Law 85.*

"Under this construction of the will of Hannah Maria Pierson it is unnecessary to consider any other question raised by the pleadings and evidence."

*Mr. Albert H. Holland,* for the appellants.

*Mr. Elmer King* and *Mr. Robert H. Schenck,* for the respondents.

PER CURIAM.

The decree under review will be affirmed, for the reasons given in the conclusions of Vice-Chancellor Fielder.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.